## KOA *vs.* KAAHANUI.

BEFORE JUDD, J., IN INTERMEDIARY COURT.

FEBRUARY, 1876.

Under §1478, Civil Code, driftwood, found on or near the shore, belongs to the finder: and the finder is one who not merely sees it, but who exercises some act of ownership.

DECISION OF JUDD, J., ON APPEAL FROM KOOLAULOA, OAHU.

I find the following facts in this case: In November, 1875, the defendant, Kaahanui, who lives on the land of Kahana, discovered a log of wood in the sea just off the land of Punaluu, and as soon as it had stranded he took possession of it, marked it with his name, and next day took it out of the sand and towed it to his own place. The log was of foreignwood, was two fathoms long, and is estimated to be worth from $4 to $8. The sea of Punaluu is held by the plaintiff, as lessee of Chulan & Co., who are lessees of the owner.

The plaintiff claims the log as being property on his land. The defendant claims it by virtue of Section 1478 of the Civil Code, which reads: "All wood of any description which may drift on to the beach of any part of this Kingdom, shall be the property of the finder, and anyone finding such driftwood may take the same for his own private use, without paying a share to the Government: provided, however, that this section shall not apply to any vessel wrecked or stranded on any part of the shores of this Kingdom." It is claimed that, as this section is under Chap. 34 of the code, which is entitled: "Of certain specific rights of the people," and the section preceding the one under discussion gives to the people on each of the lands the right to take "firewood, house-timber," etc., etc., the right to driftwood should by analogy be confined to the first finder being on the land where the wood is found. However just and proper this limitation might be, I do not feel authorized to

adopt it, as the section itself does not limit the right to the people of the land where the driftwood may strand.

The original law on this subject was passed in 1851, and reads as follows: "An act to grant to the people the free use of the driftwood. Whereas, several places in this Kingdom, particularly the Island of Niihau, are destitute of wood, and the people are suffering for want of the same; therefore, be it enacted by the Nobles and Representatives of the Hawaiian Islands, in Legislative Council assembled: All wood of any description which hereafter may drift on to the beach of either one of the islands shall be the property of the finder, and anyone finding such driftwood may take the same for his own private use, without paying a share to the Government."

The law was altered at the passage of the Civil Code to the text as given first above.

It is clear that the object of the law was to modify the previous usage in this Kingdom of the Government's claiming the driftwood, and to allow it to the finder.

By the old common law of England—"Whatever movables are found upon the surface of the earth or in the sea, and are unclaimed by any owner, are supposed to be abandoned by the last proprietor, and as such are returned into the Common Stock and mass of things; and therefore, they belong—as in a state of nature—to the first occupant or fortunate finder." But wrecks, etc., belonged to the King. 2 Blackstone, Chap. 26.

By the 12th Section of the 16th Chap. of the Penal Code: "Wrecked property, estrays and lost property shall be deemed still in the constructive possession of the owner; and the taking of either of them with felonious intent is larceny. But the taking of derelict property is not larceny."

The effect, therefore, of Section 1478 of the Civil Code, is to declare that all wood of any description, whether native or foreign, which may drift on to the beach of any part of this Kingdom, is derelict of ownership, and therefore may be taken by the finder, whoever he may be. But a "finder" in the meaning of this statute is one who not merely first sees the

driftwood, but who reasonably soon thereafter lays claim to it, and exercises some act of ownership converting it to his private use.

The defendant in this case having done all this, judgment is rendered in his favor.

*S. M. Naukana,* for plaintiff.

*G. Barenaba,* for defendant.

Honolulu, February 8th, 1876.